IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARY MISS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EDMUNDSON ART FOUNDATION, INC.<br>d/b/a DES MOINES ART CENTER,<br><br>　　　　Defendant. | CASE NO. 4:24-CV-00123<br><br><br><br>**DEFENDANT'S ANSWER TO<br>PLAINTIFF'S COMPLAINT** |

Defendant Edmundson Art Foundation, Inc. d/b/a Des Moines Art Center (the "Art Center"), by and through the undersigned counsel, hereby responds to Plaintiff's Complaint as follows.

## PARTIES, JURISDICTION AND VENUE

1.　　Plaintiff Mary Miss is a nationally renowned artist and is a resident of New York.

**ANSWER**: The Art Center denies the allegations in paragraph 1 for lack of knowledge.

2.　　Defendant Edmundson Art Foundation, Inc., d/b/a Des Moines Art Center (hereinafter "Art Center"), is an Iowa 504 Domestic Non-Profit organization, with its principal place of business in Des Moines, Polk County, Iowa.

**ANSWER**: The Art Center admits the allegations in paragraph 2.

3.　　Jurisdiction and venue are proper in Polk County, Iowa, as it is where the Defendant can be said to reside, the Plaintiff and Defendant are the parties to a contract that contemplates performance in Polk County, and the subject of the contract is an existing art installation located in Des Moines, Polk County, Iowa.

**ANSWER**: The Art Center admits the allegations in paragraph 3.

4.     The Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) with respect to the claims arising under the Visual Arts Rights Act of 1990 (17 U.S.C. § 106A) [hereinafter "VARA"], and supplemental jurisdiction with respect to the common law claims pursuant to 28 U.S.C. § 1367(a).

**ANSWER**: The Art Center denies VARA applies to the installation at issue, admits VARA provides jurisdiction over Plaintiff's allegations in this case, and denies any remaining allegations in paragraph 4.

## FACTUAL ALLEGATIONS

I.    CONTRACTUAL AGREEMENT

5.     Plaintiff reasserts the preceding paragraphs as if fully set forth herein.

**ANSWER**:  The Art Center hereby incorporates its preceding responses as if fully set forth herein.

6.     On or about April 4, 1994, the parties entered into a written agreement [hereinafter "the Agreement"] wherein Plaintiff agreed to accept compensation for creating and installing an art project known as "Greenwood Pond: Double Site," [hereinafter "the Project."] located in Greenwood Park in the City of Des Moines Iowa.

**ANSWER**: The Art Center admits the parties entered into an agreement on or about April 4, 1994, admits Plaintiff was compensated for designing the Project located in Greenwood Park, denies Plaintiff was responsible for fabricating or installing the Project, and denies any remaining allegations in paragraph 6.

7.     A copy of the Agreement is attached hereto as **exhibit 1.**

**ANSWER**: The Art Center admits the Agreement described in paragraph 6 is attached as exhibit 1.

8. The Agreement provides, in pertinent part, that upon the completion of the Project the Art Center would receive title to the Project. See **exhibit 1,** section 8.

**ANSWER**: The Art Center admits the allegations in paragraph 8.

9. However, the Agreement further provides that "Art Center agrees that it will not intentionally damage, alter, relocate, modify or change the [Project] without the prior written approval of the Artist ... Art Center shall notify the Artist of any proposed alteration of the Site that would affect the intended character and appearance of the Work and shall consult with the Artist in the planning and execution of any such alteration and shall make a reasonable effort to maintain the integrity of the Work." **Ex. 1,** Section 8.2(i), (ii).

**ANSWER**: The Agreement speaks for itself, and no further response is required.

10. In connection with its ownership of the Project, the parties further agreed to the following:

   a. "Art Center recognized that maintenance of the Project on a regular basis is essential to the integrity of the Project. Art Center shall reasonably assure that the Project is property maintained and protected, taking into account any instructions provided by the Artist, and shall reasonably protect and maintain the Project against the ravages of time, vandalism and the elements." *Id.,* section 9.2

   b. "Art Center shall have the right to determine, after consultation with a professional conservator, when and if repairs and restorations to the Project will be made. During the Artist's lifetime, the Artist shall have the right to approve all repairs and restorations, provided, however, that the Artist shall be paid a reasonable fee for any such services, provided that the Art Center and the Artist shall agree in writing, prior to the commencement of any significant repairs or restorations, upon the Artist's fee for such services." *Id.,* section 9.3

**ANSWER**: The Agreement speaks for itself, and no further response is required.

11. The Agreement further provides that "the covenants and obligations set forth in this Article shall be binding upon the parties, their heirs, legatees, executors, administrators, assigns,

transferee and all their successors in interest, and Art Center's covenants do attach and run with the Work and shall be binding to and until twenty (20) years after the death of the artist.

    **ANSWER**:  The Agreement speaks for itself, and no further response is required.

    12.    Finally, the Agreement provides that there is no limitation on the Plaintiff's "rights and remedies available ... under the Visual Arts Rights Act of 1990 or under any other law which may now or in the future be applicable." **Ex. 1,** section 8.7.

    **ANSWER**:  The Agreement speaks for itself, and no further response is required.

## II.    RECENT DEVELOPMENTS

    13.    Plaintiff completed the Project on a timely basis, and since that time the people of the City of Des Moines have been enjoying the Project.

    **ANSWER**:  The Art Center admits Plaintiff completed her initial responsibilities related to the Project, can neither admit nor deny whether "the people of the City of Des Moines have been enjoying the Project" since that time, states the Project has been periodically removed due to damage and is currently restricted for safety reasons, and therefore denies the remaining allegations in paragraph 13.

    14.    The Project has been recognized for its stature on numerous occasions by artists, art scholars, art patrons, art critics, architects, and City Commissioners.  See https://www.tclf.org/feature-type/greenwood-pond-double-site-letters-support last visited April 3, 2024).

    **ANSWER**:  The Art Center admits the Project has been recognized by some in the art field as reflected in the website in paragraph 14 and denies any remaining allegations in paragraph 14.

    15.    Former Whitney Museum of American Art Director Max Anderson said the Project "enjoys an importance and a prominence in public art second to none in this country."  See

https://www.tclf.org/demolition-mary-miss-greenwood-ponddouble-site-could-start-april-des-moines-art-center-director  (last viewed April 3, 2024).

**ANSWER**:  The Art Center admits the quote in paragraph 15 is reflected in the website cited in paragraph 15 and denies any remaining allegations in paragraph 15.

16. Despite the clear and unambiguous terms of the Agreement, after failing to reasonably protect the Project from the ravages of time and the elements, the Arts Center has announced its intention to demolish the Project.

**ANSWER**:  The Art Center denies it failed to reasonably protect the Project from the ravages of time and elements, admits it announced its intention to remove the Project from Greenwood Park, and denies any remaining allegations in paragraph 16.

17. On October 20, 2023, Kelly Baum, Director of the Art Center, contacted Plaintiff via email to state that parts of the Project were being immediately closed to the public due to the poor condition it was in, admitting that the Project had "not stood the test of time and weather," (the two elements the Art Center had agreed to protect the Project from).  **Ex. 2, email exchange.**

**ANSWER**:  The Art Center denies it agreed to protect the Project from all impacts of time and weather, admits Ms. Baum sent the email attached as exhibit 2, and denies any remaining allegations in paragraph 17.

18. Plaintiff was out of the county at the time the email was sent.

**ANSWER**:  The Art Center is without sufficient information to admit or deny the allegation in paragraph 18 and therefore denies the same.

19. The very next day, on October 21, 2023, Ms. Baum informed Plaintiff that not only was part of the Project being closed to the public, but was also already in the process of being demolished.  *Id.*

**ANSWER**: The Art Center admits Ms. Baum sent an email on October 21, 2023 informing Plaintiff of steps being taken to protect the public, including removal of one portion of the site and fencing surrounding other parts of the site, and denies any remaining allegations in paragraph 19.

20. After demolishing part of the project without Plaintiff's permission - a clear breach of contract - the Art Center then informed Plaintiff on December 1, 2023 that it would have to "decommission" the entire Project and remove it, stating that it could "see no other way forward." *Id.*

**ANSWER**: The Art Center denies it breached any contract, admits on December 1, 2023, Ms. Baum informed Plaintiff that she believed the responsible decision was to decommission the Project and remove it from the park while taking the opportunity to celebrate Plaintiff's work, and denies any further allegations in paragraph 20.

21. The Art Center has since made public statements confirming that this is their plan, and that it could start as early as next week. **See exhibit 3 - Des Moines Register Article.**

**ANSWER**: The Art Center admits it has publicly stated its intentions to remove the Project from Greenwood Park and denies any remaining allegations in paragraph 21.

22. Defendant has received a permit from the City of Des Moines for the demolition of the project. See **exhibit 4 - permit for demolition.**

**ANSWER**: The Art Center admits the allegations in paragraph 22.

23. Plaintiff was not consulted on this decision.

**ANSWER**: The Art Center denies the allegations in paragraph 23.

24. Plaintiff did not approve of this decision.

**ANSWER**:  The Art Center admits Plaintiff did not give her authorization to remove the Project, states Plaintiff did not provide any feedback regarding steps to protect public safety at the Project, and denies any remaining allegations in paragraph 24.

25.     Plaintiff has sought to receive a copy of the structural report Defendant claims to have in its possession relating to the Project.

**ANSWER**:  The Art Center admits Plaintiff requested a copy of the report.

26.     Defendant has refused to provide a copy to the Plaintiff.

**ANSWER**:  The Art Center admits it initially declined to provide a copy, states Plaintiff is now in possession of a copy, and denies any remaining allegations in paragraph 26.

27.     Defendant has refused to disclose whether it has made any attempt to maintain the Project over the past ten years.

**ANSWER**:  The Art Center denies the allegations in paragraph 27.

28.     Defendant has failed to disclose whether it has explored other, more reasonable options for the preservation of the Project, besides its complete destruction.

**ANSWER**:  The Art Center denies the allegations in paragraph 28.

29.     The Art Center's unilateral decision to remove the Project is a clear breach of contract and a violation of VARA.

**ANSWER**:  The Art Center denies the allegations in paragraph 29.

**COUNT I - TEMPORARY RESTRAINING ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65(B)(1)**

30.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

**ANSWER**:  The Art Center hereby incorporates its preceding responses as if fully set forth herein.

31. Plaintiff is entitled to a temporary restraining order in this matter in order to preserve the status quo pursuant to 17 U.S.C. § 502 and 17 U.S.C. § 106a.

**ANSWER**: The Art Center denies the allegations in paragraph 31.

32. 17 U.S.C. § 502(a) specifically permits the issuance of a temporary injunction "on such terms as [the court] may deem reasonable to prevent or restrain infringement of a copyright."

**ANSWER**: Paragraph 32 states a proposition of law to which no response is required.

33. In the Agreement, Plaintiff reserved all her rights under the Copyright Act of 1976. Ex. 1, section 5.

**ANSWER**: The Agreement speaks for itself, and no further response is required.

34. VARA grants to the Plaintiff the right to prevent the destruction of the Project at issue as it is a work of recognized stature. *Phillips v. Pembroke Real Estate, Inc.*, 288 F. Supp.2d 89, 97 (D. Mass 2003); 17 U.S.C. 106(a)(3)(A)-(B).

**ANSWER**: The Art Center denies the allegations in paragraph 34.

35. Plaintiff retains her rights under VARA even though ownership of the work has been transferred to Defendant. *Carter v. Helmsley-Boear,* 71 F.3d 77, 81 (2d. Cir. 1995).

**ANSWER**: The Art Center admits the Agreement purports to preserve rights under VARA, denies any VARA rights are at issue here, and denies any further allegations in paragraph 35.

36. The Project meets the requirements of the "recognized stature" test, in that it is viewed as meritorious and is and has been recognized by art experts, other members of the artistic community, and by cross-sections of society. *Id.* *See* https:f/www.tclf.org/feature-type/greenwood-pond-double-site-letters-support

**ANSWER**: The Art Center denies the allegations in paragraph 36.

37. A temporary restraining order is necessary as the Defendant has already publicly announced its intention to demolish the Project and has received a permit from the City of Des Moines to accomplish the same. See **exhibit 3, 4.**

**ANSWER**: The Art Center denies the allegations in paragraph 37.

38. Defendant has announced that the demolition will begin as early as next week. *Id.*

**ANSWER**: The Art Center admits the allegations in paragraph 38.

39. The project is an original work of art and cannot be found anywhere else on planet Earth. Its destruction is its extinction.

**ANSWER**: The Art Center admits the Project is an original work of art that, to the best of the Art Center's knowledge has not been reproduced, denies that "its destruction is its extinction," and denies any remaining allegations in paragraph 39.

40. Plaintiff prays, given the singular nature of the Project, the resulting irreparable harm that will arise from its destruction, and the impending commencement of its destruction, that this Court enter a Temporary Restraining Order without notice.

**ANSWER**: The Art Center requests all relief requested be denied.

41. The undersigned certifies that a copy of this Complaint and request for injunction has been served upon counsel for Defendant, who is identified at the end of this complaint. FRCP 65(b)(l)(B)

**ANSWER**: The Art Center admits it was served with a copy of the Complaint and request for injunction.

42. Plaintiff has verified the allegations set forth in this Complaint as required by FRCP 65(b)(l)(A).

**ANSWER**: The Art Center is without sufficient knowledge to admit or deny the allegations in paragraph 42 but acknowledges it was provided a verification that appears to be signed by Plaintiff.

43. Plaintiff prays that the Court enter a temporary restraining order prevent the Defendant from demolishing the Project until such time as the matter can be set for a hearing. F.R.C.P. 65(b)(2)-(3); F.R.C.P. 65(d).

**ANSWER**: The Art Center requests all relief requested be denied.

WHEREFORE, the Art Center prays Plaintiff takes nothing by Plaintiff's Complaint and that this Court (1) enter judgment in favor of Defendant and (2) award Defendant such other relief as this Court deems just and equitable.

### COUNT II - CIVIL RECOVERY PURSUANT TO 17 U.S.C. SECTION 504

44. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

**ANSWER**: The Art Center hereby incorporates its preceding responses as if fully set forth herein.

45. The contract of the parties reserves to the Plaintiff all rights and remedies available to her under VARA. Ex. 1, sec. 8.7.

**ANSWER**: The Art Center admits the Agreement purports to preserve rights under VARA, denies any VARA rights are at issue here, and denies any further allegations in paragraph 45.

46. In addition to the injunctive relief set forth above, Plaintiff is also entitled to statutory damages under 17 U.S.C. §504, as the Project is protected by the Copyright Act of 1976.

**ANSWER**: The Art Center denies the allegations in paragraph 46.

47. Defendant has admitted that it has willfully demolished part of the Project, and intends to willfully demolish the remainder.

**ANSWER**: The Art Center denies the allegations in paragraph 47.

48. Pursuant to 17 U.S.C. §504 (c)(2), Plaintiff is entitled to damages in an amount not to exceed one-hundred and fifty thousand dollars ($150,000.00), for this intentional destruction of Plaintiff's artwork.

**ANSWER**: The Art Center denies the allegations in paragraph 48.

49. As a result of Defendant's willful acts of destruction, Plaintiff is also entitled to reasonable attorney fees.

**ANSWER**: The Art Center denies the allegations in paragraph 49.

WHEREFORE, Defendant prays Plaintiff takes nothing by Plaintiff's Complaint and that this Court (1) enters judgment in favor of Defendant and (2) awards Defendant such other relief as this Court deems just and equitable.

### COUNT III - BREACH OF CONTRACT- SPECIFIC PERFORMANCE

50. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

**ANSWER**: The Art Center hereby incorporates its preceding responses as if fully set forth herein.

51. The Court has supplemental jurisdiction over this claim by virtue of 28 U.S.C. § 1367 (a) because the contract in dispute arises from the same case or controversy giving rise to the Plaintiff's claims under VARA.

**ANSWER**: The Art Center admits the Court has supplemental jurisdiction over this claim.

52. The Agreement between the parties states that the Defendant shall be responsible for ensuring that the Project shall be reasonably protected from the "ravages of time," and "the elements."

**ANSWER**: The Art Center denies paragraph 52 is an accurate quote from the Agreement.

53. Defendant has announced it has no intention of abiding by the terms of the Agreement, and instead of caring for the Project will instead scrape it from existence, demolishing it in its entirety.

**ANSWER**: The Art Center denies the allegations in paragraph 53.

54. Plaintiff has performed all of her obligations under the contract.

**ANSWER**: The Art Center admits Plaintiff initially performed her obligations, denies Plaintiff is continuing to uphold her obligation to act with good faith and fair dealing, and denies any remaining allegations in paragraph 54.

55. The Court has the authority to order specific performance of the terms of the contract.

**ANSWER**: The Art Center can neither admit nor deny the allegations in paragraph 55 as Plaintiff has not specified what "specific performance" she seeks.

56. Defendant has required Plaintiff to seek specific performance. Plaintiff is entitled to an award of reasonable attorney fees as a result. *Berryhill v. Hatt*, 428 N.W.2d 47 (Iowa 1988).

**ANSWER**: The Art Center denies the allegations in paragraph 56.

WHEREFORE, Defendant prays Plaintiff takes nothing by Plaintiff's Complaint and that this Court (1) enters judgment in favor of Defendant and (2) awards Defendant such other relief as this Court deems just and equitable.

### COUNT IV - BREACH OF CONTRACT-
### REPUDIATION/ANTICIPATORY BREACH

57. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

**ANSWER**: The Art Center hereby incorporates its preceding responses as if fully set forth herein.

58. The Court has supplemental jurisdiction over this claim by virtue of 28 U.S.C. § 1367 (a) because the contract in dispute arises from the same case or controversy giving rise to the Plaintiff's claims under VARA.

**ANSWER**: The Art Center admits the Court has supplemental jurisdiction over this claim.

59. Plaintiff asserts this claim in the alternative to Count III - Specific Performance.

**ANSWER**: The Art Center admits Plaintiff purports to bring this claim as an alternative. Given that the Art Center lacks information as to what "specific performance" Plaintiff seeks, the Art Center can neither admit nor deny whether such an alternative claim is appropriate.

60. The Agreement between the parties states that the Defendant shall be responsible for ensuring that the Project shall be reasonably protected from the "ravages of time," and "the elements."

**ANSWER**: The Art Center denies paragraph 60 is an accurate quote from the Agreement.

61. Defendant has announced it has no intention of abiding by the terms of the Agreement, and instead of caring for the Project will instead scrape it from existence, demolishing it in its entirety.

**ANSWER**: The Art Center denies the allegations in paragraph 61.

62. Plaintiff has performed all of her obligations under the contract.

**ANSWER**: The Art Center admits Plaintiff initially performed her obligations, denies Plaintiff is continuing to uphold her obligation to act with good faith and fair dealing, and denies any remaining allegations in paragraph 62.

63. Defendant's words and actions demonstrate it has repudiated the contract and has no intention to abide by its terms.

**ANSWER**: The Art Center denies the allegations in paragraph 63.

64. Plaintiff is entitled to damages in an amount to be proven for Defendant's repudiation and breach of the contract.

**ANSWER**: The Art Center denies the allegations in paragraph 64.

65. As a result of Defendant's repudiation of the contract, Plaintiff is entitled to an award of reasonable attorney fees. *Berryhill v. Hatt*, 428 N.W.2d 647 (Iowa 1988).

**ANSWER**: The Art Center denies the allegations in paragraph 65.

WHEREFORE, Defendant prays Plaintiff takes nothing by Plaintiff's Complaint and that this Court (1) enters judgment in favor of Defendant and (2) awards Defendant such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to mitigate and/or minimize her damages.

2. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

3. Some or all of Plaintiff's claims are barred by the doctrine of laches.

Dated this 29th day of May 2024.            Respectfully submitted,

BELIN McCORMICK, P.C.

*/s/ Wayne E. Reames*
Wayne E. Reames
Kelsey J. Knowles
Michael S. Boal
666 Walnut Street, Suite 2000
Des Moines, IA  50309-3989
Telephone:  (515) 283-4631
Facsimile:   (515) 558-0631
wereames@belinmccormick.com
kjknowles@belinmccormick.com
msboal@belinmccormick.com
ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify on May 29, 2024, I electronically filed the foregoing with the Clerk of Court using the Iowa Electronic Document Management System which will send a notice of electronic filing to the following parties of record:

Steven P. Wandro
Alison F. Kanne
Ben Arato
Wandro, Kanne & Lalor PC
2015 Grand Avenue, Suite 102
Des Moines, IA  50312
swandro@wandrolaw.com
akanne@wandrolaw.com
barato@wandrolaw.com
*Attorneys for Plaintiff*

Signature:     /s/ Shannon Olson